IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| UNITED STATES OF AMERICA | ) | NO.: 2:17-cr-00301-PMD |
|---|---|---|
| | ) | |
| -versus- | ) | |
| | ) | |
| **RASHAUN ALLEN JUDGE** | ) | |

## GOVERNMENT'S RESPONSE TO DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA

The defendant Rashaun Allen Judge ("defendant") seeks to withdraw his guilty plea to Count 3 of the indictment, entered on October 23, 2017. The government opposes his motion because: (1) the defendant has failed to show that his guilty plea was not knowing or voluntary; (2) he has not credibly asserted his legal innocence; (3) there was a substantial delay between entering the plea and moving for withdrawal; (4) he had close assistance of competent counsel; (5) the withdrawal will prejudice the government; and (6) withdrawal will inconvenience the Court and waste judicial resources. *United States v. Moore*, 931 F.2d 245, 248 (4th Cir. 1991). Therefore, the government requests that the Court deny his motion.

### I.   FACTUAL BACKGROUND

On April 11, 2017, the federal grand jury in Charleston returned a three-count indictment charging the defendant with knowingly, intentionally, and unlawfully possessing with intent to distribute a quantity of cocaine and a quantity of cocaine base in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(C) (Count 1), knowingly possessing a firearm after having been convicted of a crime punishable by a term of imprisonment exceeding on year in violation of Title 18, United States Code, Section 922(g) (Count 2), and possessing a firearm in furtherance of

1

a drug trafficking crime in violation of Title 18, United States Code, Section 924(c) (Count 3). On October 23, 2017, the defendant entered a guilty plea pursuant to a plea agreement in which the defendant agreed to cooperate with the government and plead guilty to Count 3 in exchange for the dismissal of the remaining counts in the indictment. Paragraph 8 of the plea agreement further set forth that "[p]rovided the Defendant cooperates pursuant to the provisions of this Plea Agreement, and the cooperation is deemed by the Government as providing substantial assistance in the investigation or prosecution of another person, the Government agrees to move the Court for a downward departure or reduction of sentence pursuant to United States Sentencing Guidelines § 5K1.1, Title 18, United States Code, § 3553(e) **or** Federal Rule of Criminal Procedure 35(b)." ECF No. 51.

On February 15, 2018, the defendant filed a motion to relieve his counsel, claiming "ineffective assistance of counsel, lack of communication, and a conflict of interest." ECF No. 55. On March 12, 2018, the Court conducted a hearing on the defendant's motion to relieve his attorney. At the conclusion of the hearing, the Court instructed the defendant to notify the Court in writing of his decision to remove his attorney. ECF No. 59. On June 21, 2018, the Court conducted a second hearing on the matter, during which the defendant instructed the Court that he intended to file a motion to withdraw his guilty plea. On June 29, 2018, the defendant filed a pro se affidavit claiming to be a Moorish American. ECF No. 60. On July 19, 2018, the defendant filed a motion to withdraw his guilty plea pursuant to Federal Rule of Criminal Procedure 11(e). ECF No. 61. In his motion, the defendant claims that during the change of plea hearing, he "effectively" entered a plea under *North Carolina v. Alford*, and that although he "believed there was substantial evidence relating to the incident for which he was indicted that he would likely be

convicted at a trial," in the months following his guilty plea, he "has lost confidence in that decision and prefers to litigate his case for innocence before a jury of his peers." *Id.*

## II.     STANDARD

Federal Rule of Criminal Procedure 11 authorizes a defendant to withdraw a guilty plea before sentencing if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). A defendant has no "absolute right" to withdraw a guilty plea, and the district court has discretion to decide whether a "fair and just reason" exists upon which to grant a withdrawal. *United States v. Ubakanma*, 215 F.3d 421, 424 (4th Cir. 2000). "The most important consideration in resolving a motion to withdraw a guilty plea is an evaluation of the Rule 11 colloquy at which the guilty plea was accepted." *United States v. Bowman*, 348 F.3d 408, 413–14 (4th Cir. 2003). Thus, when a district court considers the plea withdrawal motion, "'the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary' . . . A voluntary and intelligent plea of guilty 'is an admission of all the elements of a formal criminal charge,' . . . and constitutes an admission of all 'material facts alleged in the charge.'" *United States v. Willis*, 992 F.2d 489, 490 (4th Cir. 1993) (quoting *United States v. Broce*, 488 U.S. 563, 569 (1989); *McCarthy v. United States*, 394 U.S. 459, 466 (1969); and *United States v. Johnson*, 888 F.2d 1255, 1256 (8th Cir. 1989)). "Accordingly, a properly conducted Rule 11 guilty plea colloquy leaves a defendant with a very limited basis upon which to have his plea withdrawn." *Bowman*, 348 F.3d at 414.

As the Fourth Circuit stated in *United States v. Lambey*, 974 F.2d 1389, 1394 (4th Cir. 1992) (en banc):

> If an appropriately conducted Rule 11 proceeding is to serve a meaningful function, on which the criminal justice system can rely, it must be recognized to raise a strong presumption that the plea is final and binding.

3

When considering a defendant's motion to withdraw his guilty plea, the court may also consider other circumstantial factors that relate to whether the defendant has advanced a fair and just reason. Thus, the Fourth Circuit has articulated the following, nonexclusive list of factors for consideration in deciding a withdrawal motion:

> (1) whether the defendant has offered credible evidence that his plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted his legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.

*Moore*, 931 F.2d at 248. Denial of a motion to withdraw a guilty plea will only be reversed on appeal for an abuse of discretion. *United States v. Nicholson*, 676 F.3d 376, 383 (4th Cir. 2012). Because it is essential to an orderly working of the criminal justice system that guilty pleas tendered and accepted in conformity with Rule 11 can be presumed final, it is the defendant's burden to demonstrate that he should be permitted to withdraw his plea. *Moore*, 931 F.2d at 248.

### III. ARGUMENT

**A. The defendant has failed to offer any credible evidence that his plea was not knowing or voluntary.**

The defendant's Rule 11 colloquy, as well as the representations made within his plea agreement, establish that his plea was knowing and voluntary. The Court engaged in an extensive Rule 11 colloquy with the defendant during which it outlined the nature of the charges against the defendant and the elements the government would have to prove during a trial. After asking the defendant questions regarding his background, education, the charges in the indictment, his constitutional rights, and his relationship with his attorney, the Court found that the defendant fully comprehended the charges against him and what the government would have to prove if a trial were held. The defendant further represented to the Court that no one had made promises of any

4

kind, other than those set forth in the plea agreement, in order to get him to plead guilty. Tr. 15:12-15. The defendant responded in the affirmative when asked whether he was pleading guilty because he was guilty and not because he was getting a deal in a plea agreement. *Id.* at 15:24-16:1. There is no evidence that the defendant's plea was not knowing or voluntary.

### B. The defendant has not credibly asserted his legal innocence.

The defendant seemingly addresses only one of the aforementioned *Moore* factors in his motion, claiming actual innocence. Def.'s Mot. 1. During his guilty plea, the government summarized the following evidence:

> [O]n July the 13th of 2016, North Charleston police department officers approached the defendant, Rashaun Judge, while seated in the driver's side of his registered vehicle.
>
> The defendant provided officers his driver's license and admitted to possessing marijuana in his pocket. Shortly thereafter, the defendant fled the scene. Officers searched the . . . defendant's vehicle, and located 5.55 grams of cocaine, 2.97 grams of crack cocaine, and a loaded Charter Arms 38 Special handgun in the panel of the driver's side door.
>
> The defendant's possession of the firearm was in furtherance of his possession with intent to distribute cocaine and crack cocaine.
>
> The defendant has previously been convicted of a crime punishable by a term of imprisonment exceeding one year, and the firearm was manufactured outside the State of South Carolina.

Plea Tr. 16:6-23.

The Court then asked the defendant whether he agreed with the summary read into the record. *Id.* at 16:24-25. In response, the defendant's attorney stated the following:

> [W]hile we concede that there were drugs found in his car, and he has admitted to the Government that the weapon in the vehicle belonged to him, our rationale for agreeing to the 924(c) is that in a larger broader sense, there was a drug trafficking crime that was ongoing. He did not know about those specific drugs that were in the car, because it was a car that was used by multiple people. So

5

> it's important for me to distance him from those specific drugs, but he was not aware of them, but we believe that the factual predicates necessary to prove this offense are present, and that if it went to trial, he would be at great peril with regard to the drugs that were found in the car.

Tr. 17:2-15. The defendant then stated on the record that he affirmatively agreed with his attorney's explanation. *Id.* at 17:19-20. Finally, the Court asked the defendant whether he knowingly possessed a firearm in furtherance of a drug trafficking crime, to which the defendant responded in the affirmative. *Id.* at 15:16-23. It is evident that the defendant now moves to withdraw his guilty plea not because he is innocent, but rather because he fears the government will not file a motion for downward departure and he will be subject to a twenty-five year sentence. The record demonstrates that the defendant was guilty of the charged offense, and the defendant has failed to present any evidence to the contrary. Therefore, this factor weighs in favor of denying the defendant's motion.

### C. There has been a delay between the change of plea hearing and the motion to withdraw his guilty plea.

The defendant entered his guilty plea on October 23, 2017 and did not move to withdraw his guilty plea until July 19, 2018. ECF Nos. 52 & 61. In *United States v. Nicholson*, 676 F.3d 376, 384 (4th Cir. 2012), the Fourth Circuit denied a motion to withdraw a guilty plea partially because of a two-month delay. Further, in *Moore*, the Fourth Circuit described a six-week period between a plea and the filing of a motion to withdraw as a "long delay." *Moore*, 931 F.3d at 248. In this case, more than eight months elapsed between the defendant's guilty plea and his motion to withdraw, far longer than delays found unreasonable by the Fourth Circuit. Therefore, this factor further weighs against permitting withdrawal.

### D. The defendant has had close assistance of competent counsel.

Examination of the record shows that the defendant was closely assisted by competent counsel. A defendant can demonstrate the absence of close assistance of counsel only by showing that his "counsel's performance fell below an objection standard of reasonableness." *United States v. Lambey*, 974 F.2d 1389, 1394 (4th Cir. 1992).

The defendant entered into a plea agreement with the government, signed October 23, 2017. Paragraph 11 of the plea agreement states:

> The Defendant represents to the court that he has met with his attorney on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant has been truthful with his attorney and related all information of which the Defendant is aware pertaining to the case; that the Defendant and his attorney have discussed possible defenses, if any, to the charges in the Indictment including the existence of any exculpatory or favorable evidence or witnesses, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in the Defendant's behalf and compel their attendance at trial by subpoena, the right to confront and cross-examine the government's witnesses, the Defendant's right to testify in his own behalf, or to remain silent and have no adverse inferences drawn from his silence; and that the Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

ECF No. 51. The government summarized this provision of the plea agreement during the change of plea hearing. Plea Tr. 11:2-5.

Further, the Court had the following exchange with the defendant:

> The Court: Have you had enough time to discuss your case with Miss Blazer?
> The Defendant: Yes, sir.
> The Court: Are you satisfied with her representation?
> The Defendant: Yes, sir.

> The Court: Has she done everything you asked her to do>
> The Defendant: Yes, sir.
> The Court: Has she failed or refused to do anything you've asked her to do?
> The Defendant: No, sir.

Tr. 5:1-12.

The defendant fails to even address this issue in his motion. To the contrary, the defendant has benefitted from the assistance of competent counsel with whom he has a longstanding relationship. The defendant's attorney not only has a familiarity with the facts of this case and the legal issues implicated, but also with the defendant himself. Because the defendant has had close assistance of competent counsel, this factor weighs in favor of denying his motion.

### E. A withdrawal will prejudice the government and inconvenience the Court.

Allowing the defendant to withdraw his guilty plea will prejudice the government and inconvenience the Court. Given the defendant's cooperation with the government on numerous occasions and his expressed desire to enter a guilty plea, the government did not continue rigorous additional investigation. The government will be burdened by prepping witnesses for trial that are an additional eight months removed from the underlying incident. In light of the defendant's continued admissions, a trial in this case would be a waste of judicial resources. *Nicholson*, 676 F.3d at 384 ("As to the sixth factor, we agree with the district court that a trial in this case would be a waste of judicial resources and time, particularly given Nicholson's repeated admission of guilt."). Therefore, this factor weighs in favor of denying defendant's motion.

It is clear from the defendant's motion that his request to withdraw his guilty plea is not based on a "fair and just reason," but rather upon his regret in deciding to plead guilty rather than go to trial.

## IV. CONCLUSION

The Court should deny the defendant's motion because the defendant: (1) has failed to offer credible evidence that his plea was not knowing or voluntary; (2) has failed to credibly assert legal innocence; (3) there was a more than eight month delay between the entering of his plea and the filing of the motion to withdraw; (4) the defendant benefitted from the close assistance of competent counsel; (5) withdrawal would cause the government prejudice; and (6) a trial would be an inconvenient waste of judicial resources.

          Respectfully submitted,

          SHERRI A. LYDON
          UNITED STATES ATTORNEY


By:   *s/ Emily Evans Limehouse*
       Emily Evans Limehouse
       Assistant United States Attorney
       Federal I.D. No. 12300
       Charleston, South Carolina
       Emily.Limehouse@usdoj.gov

July 31, 2018