IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Cr. No. 2:17-301-RMG |
| | ) | |
| V. | ) | MOTION FOR PSYCHIATRIC EVALUATION |
| | ) | |
| | ) | |
| RASHAUN ALLEN JUDGE | ) | |

Comes now the Government, by and through its undersigned counsel, and moves this Court pursuant to 18 U.S.C. §§ 4241(b), 4242(a), and 4247(b) and (c), to order a psychiatric or psychological examination to determine if the defendant is suffering from a mental disease or defect rendering him mentally incompetent to understand the nature and consequences of the proceedings or to assist in his defense, whether he presently suffers from a mental disease or defect for which he is in need of treatment, and whether he was or is suffering from diminished capacity.

The Government believes that reasonable cause exists for this motion and provides the following information in support:

1. On April 11, 2017, the federal grand jury in Charleston returned a three-count indictment charging the defendant with knowingly, intentionally, and unlawfully possessing with intent to distribute a quantity of cocaine and a quantity of cocaine base in violation of Title 21, United States Code, Section 841(a)(1) and 841(b)(1)(C) (Count 1), knowingly possessing a firearm after having been convicted of a crime punishable by a term of imprisonment exceeding on year in violation of Title 18, United States Code, Section 922(g) (Count 2), and possessing a firearm in furtherance of a drug trafficking crime in violation of Title 18, United States Code, Section 924(c) (Count 3).

1

2.   On October 23, 2017, the defendant entered a guilty plea pursuant to a plea agreement in which the defendant agreed to cooperate with the government and plead guilty to Count 3 in exchange for the dismissal of the remaining counts in the indictment.

3.   On February 15, 2018, the defendant filed a motion to relieve his counsel, claiming "ineffective assistance of counsel, lack of communication, and a conflict of interest."   ECF No. 55.

4.   On March 12, 2018, the Court conducted a hearing on the defendant's motion to relieve his attorney.   At the conclusion of the hearing, the Court instructed the defendant to notify the Court in writing of his decision to remove his attorney.   ECF No. 59.   On June 21, 2018, the Court conducted a second hearing on the matter, during which the defendant instructed the Court that he intended to file a motion to withdraw his guilty plea.   During the June 21, 2018 hearing, the Court relieved his attorney and allowed the defendant to proceed pro se.

5.   On June 29, 2018, the defendant filed a pro se affidavit claiming to be a Moorish American.   ECF No. 60.

6.   On July 19, 2018, the defendant filed a motion to withdraw his guilty plea pursuant to Federal Rule of Criminal Procedure 11(e).   ECF No. 61.

7.   On September 24, 2018, the defendant filed a pro se motion to compel default notice, in which he again claimed to be a Moorish American.   ECF No. 78.

8.   On September 25, 2018, the Court conducted a hearing on the defendant's motion to withdraw his guilty plea.   During the hearing, the Court appointed Ms. Cameron Blazer to serve as standby counsel.   The Court explained that if the Government chose not to file a

motion under § 5K1.1, the Court would grant the Defendant's motion to withdraw his guilty plea.   The Court ordered the Government to notify the Court of its decision by September 28, 2018.

9.   On September 27, 2018, the Government filed a supplemental response to the defendant's motion to withdraw his guilty plea and submitted a proposed motion under § 5K1.1, filed under seal.   In its supplemental response, the Government outlined that:

> "The Government is willing to file the attached motion if, and only if, the defendant agrees to withdraw his pending motion to withdraw the guilty plea, ECF No. 61, and comply with the terms of his plea agreement.   However, if the defendant refuses to withdraw his motion, the defendant will be in breach of his plea agreement, and the Government will no longer be obligated to file a motion for reduction of his sentence.

ECF Nos. 81 & 82.

10.   On October 3, 2018, the defendant filed an affidavit, again claiming to be a Moorish American.   ECF No. 84.

11.   On October 9, 2018, the Court conducted a status conference to determine whether the defendant wished to withdraw his guilty plea despite the Government's willingness to file a § 5K1.1 motion.   During the hearing, the defendant notified the Court that he still wished to withdraw his guilty plea.   By doing so, the defendant forfeits any ability to obtain a motion for downward departure.   Moreover, by proceeding to trial, the defendant faces a mandatory minimum term of imprisonment of 25 years, to be served consecutive to any other term of imprisonment.

12.   During the course of this case, the defendant has received advice and counsel of Ms. Cameron Blazer, competent counsel with whom he has a longstanding relationship.   Ms. Blazer, Judge Duffy, and Judge Gergel have all counseled the defendant that withdrawing his

guilty plea and proceeding to trial pro se is an unwise decision with serious consequences. Notwithstanding the advice of two federal judges and his competent counsel, the defendant inexplicably wishes to move forward with a trial and risk spending more than thirty years in prison.

13. Further, the defendant continues to claim that he is a Moorish American, filing motions and affidavits with no legal bearing or significance.

14. Given the defendant's desire to represent himself, withdraw his guilty plea, forego the Government's motion for downward department, and risk spending more than thirty years in prison, the Government requests that the Court order a psychiatric examination.

Counsel for the Government is informed and believes that pursuant to 18 U.S.C. § 3161(h)(1)(A), such time as is taken up by his examination may be deemed excludable under the Speedy Trial Act.

Respectfully submitted,

SHERRI A. LYDON
UNITED STATES ATTORNEY

By:     s/ Emily Limehouse
        Emily Evans Limehouse (Federal ID #12300)
        Assistant United States Attorney
        151 Meeting Street, Suite 200
        Charleston, South Carolina, 29401
        Email: emily.limehouse@usdoj.gov

Charleston, South Carolina

October 9, 2018

4