UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

RECEIVED
USDC CLERK CHARLESTON, SC
2019 APR 10  AM 9:50

| | |
|---|---|
| UNITED STATES OF AMERICA | MOTION TO REMAND FOR |
| -Versus- | LACK OF SUBJECT-MATTER |
| RASHAUN ALLEN JUDGE | JURISDICTION |
| | # 2:17-Cr-301 |

Comes Now I, Rashaun Allen Judge, the real party in intrest, hereby moves this court to remand the above case action back to State court, pursuant to the revised FRCrP 12(b)(2), effective December 1, 2002 which reads," A motion that the court lacks jurisdiction may be made at any time while the case is pending." Based on the revised Rule 12(b)(2), the defendant now raises his affirmative defense, that the case be remanded for lack of Constitutional subject-matter jurisdiction.

Notably jurisdictional defects, by contrast, cannot be procedurally defaulted. A defendant need not show "cause" to justify his failure to raise such a claim. Kelly V United States, 29 F.3d.110 (7th 1994). Because jurisdictional defects are nonwaivable, kelly need not provide us with an excuse ("cause and prejudice") adequate to convince us to forgive this waiver." Id., at 1114

i. It should be noted, the defendant's motion does not attack any merit questions concerning the case. He only raises issues relating to the court's lack of Constitutional subject-matter jurisdictional authority to adjudicate the case.

The reason that the jurisdiction of the federal courts must be proven when challenged is that constitutional authority is merely the first hurdle that must be overcome in determining that a federal court has jurisdiction over a particular controversy, because the jurisdiction of the federal court is limited not only by the constitution, but also by Acts of congress, Owen equip and Erection V Kroger, 437 US 365 57 LED 2d 274, 281-83 (1978).

The defendant is not claiming an "insufficiency of evidence" to convict, but rather is claiming a "factual error material to the validity and regularity of the legal proceedings." In plain terms, If the government failed to meet the standing requirements of the DISTRICT COURTs statutory subject-matter jurisdiction, then the court lacked the authority to convene a jury, and no reasonable scienter of fact would confirm a conviction.

In light of the facts presented, for the court to continue absent subject-matter jurisdiction, and absent a showing by the United States that it has complied with congress, to continue the court creates a "grave miscarriage of justice." See Calderon V Thompson, 523 U.S. 538, 140 L.ED.2d 728, 118 S. CT. 1489 (1998).

WHEREFORE, the defendant moves the court pursuant to the revised FRCrP Rule 12(b)(2) to Remand said action.

March 26/19    Respectfully Submitted


Rashaun Allen Judge