UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

RECEIVED
USDC-CLERK, CHARLESTON, SC
2019 APR 10 AM 9:50

| | |
|---|---|
| UNITED STATES OF AMERICA | Affidavit in Support |
| - Versus - | of Motion to Remand |
| RASHAUN ALLEN JUDGE | # 2:17-cr-301 |

## Facts in Regard to Motion to Remand

**Fact 1.)**
After being released on bond on 10/12/16 I immediately contacted my attorney at the time Leon Stavrinakis. At this time I informed him of the situation and let him know that I wanted a Preliminary hearing immediately. I also let Mr. Stavrinakis know that I had all the deeded owners of the property and that we would all like to be present at the hearing.

**Fact 2.)**
After contacting Mr. Stavrinakis on several occasions after being released I demanded that he again put in for a preliminary hearing, and that he inform me of the date and time, so that again the owners would be able to be present because they would like to talk.

**Fact 3.)**
The whole time Mr. Stavrinakis was my attorney at no time did he contact me to say anything about this case at all. When the actual date for the Preliminary came Mr. Stavrinakis failed to inform me

that after being retained as my attorney, and having this hearing demanded that he himself would not attend to represent me.
See Exhibit A

"When a person sustains to another a position of trust and confidence, his failure to disclose facts that he has a duty to disclose is as much a fraud as an actual misrepresentation." Blanton V. Sherman Compress Co.;

Fact 4.)
After having a Preliminary hearing on 1/4/17 without me or my attorney present there was no warrant issued for my arrest. So up until this point I have not had contact with my attorney nor did I have any knowledge of what was going on with this case. I find out on 4/25/17 that the federal government adopted the charges. See Exhibit A

Fact 5.)
After the federal government adopted these charges, I hired a new attorney Mrs. Cameron Blazer. After being held on these charges Mrs. Blazer informed me that Scott Maynor handed this case over to the federal government. Without first having a Preliminary hearing as demanded, this means Mr. Maynor proceeded to the grand jury without subject matter jurisdiction. Without a Preliminary hearing Mr. Maynor did not have jurisdiction nor could he have conferred jurisdiction to the federal government.

Fact 6.)
In order for Mr. Maynor to have had jurisdiction he would have had to comply with Section 22-5-320. Since Mr. Maynor did not comply with 22-5-320

2

he did not have jurisdiction and because of this the federal government could not have properly acquired jurisdiction.

Exparte V McCardle The Court went on to say, "On every writ of error or appeal, the first fundamental question is that of jurisdiction, first of this Court, and then of the court from which the record comes." See Exhibit B

Fact 7) Courts § 247-federal-jurisdiction-Waiver

Because the current concept of a federal District Court's subject-matter jurisdiction involves the courts power to hear a case, such jurisdiction can never be forfeited or waived. Consequently, defects in subject-matter jurisdiction require correction, regardless of whether the error was raised in the District Court.

Fact 8.)

Remands for lack of subject matter jurisdiction not subject to time limits. There is no statutory time limit on a motion to remand based on a lack of subject matter jurisdiction in the federal court. Indeed, the court must always remand a case immediately, as soon as its lack of jurisdiction becomes apparent. In contrast with the case of remands based on defects in removal procedure, a court may always remand for lack of subject-matter jurisdiction sua sponte and must do so absence of a motion. See Exhibit C

"Once jurisdiction has been challenged the court cannot proceed when it clearly appears the court lacks jurisdiction. The Court has no authority to reach merits but rather should dismiss the action" Melo V. U.S.

3

Fact 9.)
Title 28 Section 1447 "If at any time before final judgment it appears that the district court lacks subject-matter jurisdiction the case shall be remanded". "If at any time before final judgment it appears that the case was removed improvidently ("using misleading information or a mistaken assumption") and without jurisdiction, the district court shall remand the case. See Exhibit C When used in federal Rules of Criminal Procedure, word "shall" is mandatory United States v. Warrington

Fact 10)
Rankin v Howard brought home the ramifications of liability to the court for lack of jurisdiction when they said, "But when a judge knows that he lacks jurisdiction, or acts in the face of clearly valid statutes or case law expressly depriving him of jurisdiction, judicial immunity is lost." ("When want of jurisdiction is known to the judge no, excuse is permissable") Turner v. Raynes

In plain terms Rule 12(b)(2) FRCrP gives the defendant the right to challenge the District Courts jurisdiction. The defendant claims "factual error material to the validity and regularity of the legal proceedings." The defendant claims this case was removed improvidently and without jurisdiction by Mr. Maynor which causes the District Court to lack subject-matter jurisdiction leaving this court unable to adjudicate said action.

When a suit is brought and determined in a court which has no jurisdiction in the matter, then it is said to be Coram non judice and the judgment is void - Blacks Law Dictionary 4th Edition

4

## Relief Sought

Wherefore, the defendant moves the court pursuant to the revised FRCrP Rule 12(b)(2) to Remand said action, or Dismiss with prejudice.

March 26/19                                  Respectfully submitted

                                             RASHAUN ALLEN JUDGE

5