Exhibit A



# Julie J. Armstrong
Charleston County Clerk of Court

**Charleston County
Circuit Court Case Details
Public Index**

[ Charleston County Home Page ] [ Clerk of Court Home Page ] [ Magistrates Court ] [ SC Judicial Home Page ] [ Search Tips ]

## The State of South Carolina VS Rashaun Allen Judge

| | | | | | |
|---|---|---|---|---|---|
| **Case Number:** | 2016A1021000597 | **Court Agency:** | General Sessions | **Filed Date:** | 10/11/2016 |
| **Case Type:** | Criminal-Clerk | **Case Sub Type:** | | | |
| **Status:** | Disposed | **Assigned Judge:** | Clerk Of Court C P, G S, And Family Court | **Disposition Judge:** | Solicitor |
| **Disposition:** | Nolle Prosequi | | | | |
| **Disposition Date:** | 04/13/2017 | **Date Received:** | 10/20/2016 | **Arrest Date:** | 10/10/2016 |
| **Law Enf. Case:** | | **True Bill Date:** | 01/11/2017 | **No Bill Date:** | |
| **Prosecutor Case:** | | **Indictment Number:** | 2017GS1000293 | **Waiver Date:** | |
| **Probation Case:** | | | | | |

[ Case Parties | Charges | Sentencing | **Associated Cases** | Actions | Financials | Bonds ]

| Name | Description | Type | Motion Roster | Begin Date | Completion Date | Documents |
|---|---|---|---|---|---|---|
| Judge, Rashaun Allen | Status Change Form/NP/Charges adopted in fed system | Filing | | 04/13/2017-16:47 | | |
| Judge, Rashaun Allen | Second Appearance Date | Event | | 02/17/2017-09:00 | 12/08/2016-12:00 | |
| Judge, Rashaun Allen | Indictment/Indictment | Filing | | 01/11/2017-16:49 | 04/13/2017-16:49 | |
| Judge, Rashaun Allen | Preliminary Hearing / Bound Over Attorney not present | Filing | | 01/04/2017-12:31 | 01/04/2017-12:31 | |
| Judge, Rashaun Allen | Preliminary Hearing Scheduled w/ Notices | Event | | 01/04/2017-11:00 | 01/04/2017-11:45 | |
| Judge, Rashaun Allen | Preliminary Hearing Continued | Filing | | 12/08/2016-11:00 | 12/08/2016-00:00 | |
| Judge, Rashaun Allen | First Appearance Date | Event | | 12/02/2016-14:00 | 12/08/2016-17:00 | |
| Judge, Rashaun Allen | Miscellaneous | Filing | | 10/20/2016-11:37 | 04/13/2017-11:37 | |
| Judge, Rashaun Allen | Order/Original Bond Order | Order | | 10/20/2016-11:34 | 04/13/2017-11:34 | |
| Judge, Rashaun Allen | Warrant and Affidavit | Filing | | 10/20/2016-11:33 | 04/13/2017-11:33 | |
| Abby'S Bail Bonds/A Mccauley/Palmetto | Bond/Bond Paperwork/PSC10016801 | Filing | | 10/12/2016-16:29 | 04/13/2017-16:29 | |
| Abby'S Bail Bonds/A Mccauley/Palmetto | Surety Bond Fee | Action | | 10/12/2016-16:29 | 04/13/2017-16:29 | |
| Judge, Rashaun Allen | Bond Hearing | Event | | 10/11/2016-10:00 | 12/08/2016-10:30 | |

CMSWeb 6.1 © 2013 South Carolina Judicial Department • All rights reserved

Exhibit B

View the 2017 South Carolina Code of Laws | View Previous Versions of the South Carolina Code of Laws

# 2012 South Carolina Code of Laws
# Title 22 - Magistrates and Constables
# Chapter 5 - MAGISTRATES' POWERS AND DUTIES IN CRIMINAL MATTERS
# Section 22-5-320 - Defendant's demand for preliminary investigation; appearance by attorney.

**Universal Citation:** SC Code § 22-5-320 (2012)

Any magistrate who issues a warrant charging a crime beyond his jurisdiction shall grant and hold a preliminary hearing of it upon the demand in writing of the defendant made within twenty days of the hearing to set bond for such charge; provided, however, that if such twenty-day period expires on a date prior to the convening of the next term of General Sessions Court having jurisdiction then the defendant may wait to make such request until a date at least ten days before the next term of General Sessions Court convenes. At the preliminary hearing, the defendant may cross-examine the state's witnesses in person or by counsel, have the reply in argument if there be counsel for the State, and be heard in argument in person or by counsel as to whether a probable case has been made out and as to whether the case ought to be dismissed by the magistrate and the defendant discharged without delay. When such a hearing has been so demanded the case shall not be transmitted to the court of general sessions or submitted to the grand jury until the preliminary hearing shall have been had, the magistrate to retain jurisdiction and the court of general sessions not to acquire jurisdiction until after such preliminary hearing. Provided, however, that the defendant shall not be required to appear in person at the appointed time, date and place set for the hearing if he is represented by his attorney.

Exhibit C

(a) In any case removed from a State court, the district court may issue all necessary orders and process to bring before it all proper parties whether served by process issued by the State court or otherwise.

(b) It may require the removing party to file with its clerk copies of all records and brought before it by writ of certiorari issued to such State court.

(c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). ==If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.== An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed with such case.

(d) An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise.

(e) If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

(June 25, 1948, ch. 646, 62 Stat. 939; May 24, 1949, ch. 139, §84, 63 Stat. 102; Pub. L. 88–352, title IX, §901, July 2, 1964, 78 Stat. 266; Pub. L. 100–702, title X, §1016(c), Nov. 19, 1988, 102 Stat. 4670; Pub. L. 102–198, §10(b), Dec. 9, 1991, 105 Stat. 1626; Pub. L. 104–219, §1, Oct. 1, 1996, 110 Stat. 3022; Pub. L. 112–51, §2(d), Nov. 9, 2011, 125 Stat. 546.)

Historical and Revision Notes
1948 Act
Based on title 28, U.S.C., 1940 ed., §§71, 72, 74, 76, 80, 81 and 83 (Mar. 3, 1911, ch. 231, §§28, 29, 31, 33, 37 and 38, 36 Stat. 1094–1098; Jan. 20, 1914, ch. 11, 39 Stat. 278; Aug. 23, 1916, ch. 399, 39 Stat. 532; Apr. 16, 1920, ch. 146, 41 Stat. 554; Jan. 31, 1928, ch. 14, §1, 45 Stat. 54).
Section consolidates procedural provisions of sections 71, 72, 74, 76, 80, 81 and 83 of title 28, U.S.C., 1940 ed., with

Exhibit C Continued

important changes in substance and phraseology.
Subsection (a) is derived from sections 72, 76, 81 and 83 of title 28, U.S.C., 1940 ed. The remaining provisions of said section 83 are the basis of section 1448 of this title.
Subsection (b) is derived from sections 72, 74, 76 and 83 of title 28, U.S.C., 1940 ed., which have been rewritten to provide the utmost simplicity and flexibility of procedure in bringing the State court record to the district court.
[Editorial Note.—Subsecs. (c), (d) and (e) as originally revised and incorporated in this section read as follows:
"(c) It may order the pleadings recast and the parties realigned according to their real interest.

"(d) If any party fails to comply with its lawful orders, the district court may enter such further orders and judgments as justice requires.
"(e) If at any time before final judgment it appears that the case was removed improvidently and without jurisdiction, the district court shall remand the case. A certified copy of the order of remand shall be mailed by its clerk to the clerk of the State court. The State court may thereupon proceed with such case."]
Subsections (c) and (d) are substituted for unnecessary and inconsistent procedural provisions.
Subsection (e) [now subsec. (c)] is derived from sections 71 and 80 of title 28, U.S.C., 1940 ed. Such subsection is rewritten to eliminate the cumbersome procedure of remand. Under this chapter as revised, the petition for removal under section 1446 of this chapter will be filed in the Federal court in the first instance and the right of removal determined in that court before the petition is granted.
The provisions in section 80 of title 28, U.S.C., 1940 ed., relating to actions commenced in district courts, as distinguished from actions removed thereto, are incorporated in section 1359 of this title. Other provisions of said section 80 appear in section 1919 of this title.
1949 Act
This section strikes out subsections (c) and (d) of section 1447 of title 28, U.S.C., as covered by the Federal Rules of Civil Procedure, and adds a new subsection to such section 1447 to remove any doubt that the former law as to the finality of an order of remand to a State court is continued. This section also amends renumbered subsection (c) to remove any doubt that the

