IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| v. | ) | Criminal No. 2:17-301-RMG |
| | ) | |
| Rashaun Allen Judge, | ) | |
| | ) | |
| Defendant. | ) | **ORDER** |
| | ) | |
| | ) | |

This matter comes before the Court on Defendant's second motion for compassionate release. (Dkt. No. 131). The Court denied an earlier motion for compassionate release by an order dated October 26, 2020. (Dkt. No. 127). The Court also denied a motion to reconsider the denial of compassionate release. (Dkt. No. 129). Defendant's present motion, like his earlier motion, asserts that extraordinary and compelling reasons exist for his immediate release because of an underlying cardiac condition and the risks associated with COVID-19. For reasons set forth below, the Court again denies the motion for compassionate release.

**Jurisdiction**

To invoke the jurisdiction of this Court, a defendant must first submit to his warden a request for compassionate release and thirty days must have passed. 18 U.S.C. § 3582(c)(1)(A). The Court finds that more than 30 days have passed since Defendant submitted his compassionate release request to his warden, providing the Court jurisdiction over this matter. (Dkt. No. 131-1 at 2).

**Legal Standards**

Recent statutory changes have provided district courts jurisdiction to reduce the sentences of previously sentenced federal inmates on the basis of compassionate release under certain limited

1

circumstances. Defendant must first meet one of the threshold requirements for compassionate release. These include:

1. The inmate is 70 years of age, has served 30 years in prison, and is not a danger to the community, 18 U.S.C. § 3582(c)(1)(A)(ii);

2. Where a defendant has raised the risk of COVID-19 as a basis for compassionate release, the defendant has demonstrated a particularized risk of developing severe illness or death due to his medical conditions, *United States v. High*, 997 F.3d 181, 185 (4th Cir. 2021); or

3. "Extraordinary and compelling reasons" for compassionate release exist, which include "any extraordinary and compelling reasons for release the defendant might raise" and "truly exceptional cases that fall within no statutory category," 18 U.S.C. § 3582(c)(1)(A)(i); *United States v. McCoy*, 981 F.3d 271, 284, 288 (4th Cir. 2020).[1]

A defendant seeking a sentence reduction on the basis of compassionate release carries the burden of establishing his entitlement to relief. If a defendant meets one of the threshold requirements for compassionate release, the district court must then consider the request for sentence reduction under the standards of 18 U.S.C. § 3553(a). 18 U.S.C. § 3582(c)(1)(A).

---

[1] Sentencing Guideline 1B1.13 and the Application Notes associated with this provision, which are applicable to decisions of the Director of the Bureau of Prisons in making grants of compassionate release and do not constrain the discretion of the district court, may provide "helpful guidance" to district courts. *United States v. McCoy*, 981 F.3d at 282 n.7. Among the factors to consider under Sentencing Guideline 1B1.13 and its Application Notes include (A) whether the inmate is suffering from mental and/or physical conditions which substantially diminish a defendant's capacity for self-care; (B) whether a defendant is suffering from a terminal illness; and (C) whether the defendant is at least 65 years old, has served the lesser of 10 years or 75% of his sentence, and is experiencing a serious deterioration in physical or mental health because of the aging process.

**Factual Background**

Defendant is presently serving a 120 month sentence following his guilty plea to using a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c). This represented his second federal firearm offense, and he faced a mandatory minimum 25 year sentence that was avoided by earning a downward departure under 5K1.1. Defendant has now served approximately five years of his 10 year sentence.

Defendant's motion for compassionate release argues that he has suffered repeated neglect by the medical staff of the BOP, which has allegedly refused to provide him treatment for an underlying cardiac condition. A review of Defendant's extensive medical records reveals he has received repeated medical assessments, both inside the prison and outpatient, in response to his complaints of chest pain and other potential cardiac related symptoms. (Dkt. Nos. 140-2, 140-3). Efforts to fully work up Defendant's cardiac condition has been stymied by his refusal to undergo a cardiac catheterization or a cardiac stress test. (Dkt. Nos. 142-2 at 3, 10; 140-3 at 1). The evaluations Defendant has been willing to **submit have** shown no definitive evidence of cardiac pathology. Defendant has continued to receive chronic cardiac management at the BOP but, as one physician observed, "it is not clear to call this a 'cardiac' disease." (Dkt. No. 142-2 at 3).

In regard to Defendant's concern regarding possible complications from COVID-19, it is notable that he has refused to be vaccinated. (Dkt. No. 140-2 at 50). Further, he has been diagnosed with COVID-19 while at BOP and has recovered without significant complications.

**Discussion**

A.  Threshold Requirements for Compassionate Release

After carefully reviewing and weighing the entire record in this matter, the Court finds that Defendant has not met his burden of demonstrating that there exist "extraordinary and compelling

3

reasons" for the grant of compassionate release or any other basis for the grant of compassionate release. Although Defendant periodically complains of chest pain, dizziness and other potential cardiac related symptoms, he has shown no evidence of cardiac pathology and is medically stable. He has also tolerated a prior COVID-19 infection, despite refusing to take the vaccine. Defendant's claim that he has been ignored by the BOP medical staff is inconsistent with the extensive medical record provided to the Court.

B.     § 3553(a) factors

The Court has found that the threshold requirements of compassionate release have not been met. Moreover, even if extraordinary and compelling reasons for compassionate release had been found, the Court would not grant the motion after weighing the relevant § 3553(a) factors, as set forth below:

1.     Nature and Circumstances of the Offenses and Seriousness of Offenses: Defendant was arrested following an encounter with law enforcement officers in which he fled the scene. A lawful search of his vehicle revealed the presence of a loaded firearm and both crack and crack cocaine. When Defendant was located and arrested, he was in possession of $5,500.00 in cash. (Dkt. No. 111 at 4). This factor weighs against a grant of compassionate release.

2.     History and Characteristics of Defendant: Defendant's instant offense represents the second occasion in which he was convicted of a federal firearm offense. He was determined to have a criminal history of IV and also has two prior convictions for failure to stop for a blue light. (*Id*. at 5-7). Defendant's criminal history weighs against a grant of compassionate release.

3.     Provide Just Punishment and Promote Respect for the Law: Defendant's criminal history supports the need for a substantial sentence to promote respect for the law and to provide just punishment for his repeated criminal conduct.

4

4.     <u>Protect the Public from Further Crimes of the Defendant and Deter Future Criminal Conduct</u>:  A substantial sentence is critical as a specific deterrent and as a protection of the public from further crimes of the Defendant.  Defendant's 10 year sentence protects the public from further crimes and will hopefully deter future criminal conduct.

Based on the foregoing and weighing all the § 3553(a) factors, the Court finds that even if the threshold requirements of compassionate release were met (which the Court found they were not), the Court would not grant Defendant's motion for compassionate release based on the present record before the Court.

## Conclusion

Based on the foregoing, Defendant's second motion for compassionate release (Dkt. No. 131) is **DENIED**.

**AND IT IS SO ORDERED.**

<u>s/ Richard Mark Gergel</u>
Richard Mark Gergel
United States District Judge

February 7, 2023
Charleston, South Carolina